UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SKYE H. VEHR,**

    **Plaintiff,**

    v.

                                **Civil Action 2:13-cv-805**
                                **Judge George C. Smith**
                                **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES DEPARTMENT OF
THE TREASURY,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Skye H. Vehr, a resident of Ohio who is proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

Plaintiff purports to assert a claim against the United States Department of Treasury over the state of the United States' economy. (Compl. 3, ECF No. 1-2.) She alleges that "[t]he

economy is broken and needs to be fixed." *Id.* She represents that she has devised a proposed statute which will "solve[] our economy with no loose ends," and provides the text of the proposed statute in her Complaint. *Id.* Plaintiff seeks injunctive relief requiring the Department of Treasury to "fix the economy along [her] model," as well as $850,000,000.00 as a "fee and fine [she] imposed." *Id.* at 4.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be

---

[1]Formerly 28 U.S.C. § 1915(d).

granted.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978,

3

2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

Plaintiff's Complaint must be dismissed as both frivolous and for failure to state a claim. First, Eleventh Amendment immunity precludes Plaintiff from securing an award of damages against the Department of Treasury.  *See Baird v. United States Dep't of Treasury*, 175 Fed. App'x 813, *1 (9th Cir. 2006) (affirming dismissal upon finding that the Department of Treasury is entitled to Eleventh Amendment immunity).  Although Eleventh Amendment immunity can be waived, nothing in the Complaint even remotely suggests waiver in this case.  Moreover, Plaintiff's Complaint is devoid of any allegations suggesting that the Department of Treasury violated her Constitutional or other rights, such that an action could be brought pursuant to 42 U.S.C. § 1983.  *See Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (recognizing that a violation of a constitutional or other right is necessary to bring a § 1983 action).  Nor is the United States Department of Treasury a person within the meaning of § 1983.  *See id* (recognizing that generally a § 1983 claim can only be brought against a person acting under color of state law).  Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S. C. § 1915(e)(2)(B)(ii).

### IV.

If Plaintiff seeks review by the District Judge of this Report and Recommendation, she may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED**.

Date: August 15, 2013                       /s/ *Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            United States Magistrate Judge

5